WEEKS MOTOR COMPANY OF KINSTON, INC. v. HENRY B. DANIELS AND WIFE, ANNIE RUTH DANIELS

No. 738DC343

(Filed 13 June 1973)

Chattel Mortgages § 19— deficiency judgment — directed verdict for plaintiff — error

The trial court erred in directing a verdict for plaintiff at the close of the evidence in an action to recover a deficiency judgment for the balance allegedly due on a purchase money security agreement on an automobile where defendants denied the alleged default, denied that plaintiff repossessed the automobile under rights contained in the

security agreement, denied legal advertisement of the sale, denied sale to the highest bidder, and denied that a balance was owed under the agreement.

APPEAL by defendants from *Wooten, Judge,* 11 December 1972 Session of LENOIR District Court.

Plaintiff brought this action on 1 June 1972 to recover a deficiency judgment for balance allegedly due on a purchase money security agreement.

Pertinent allegations of the complaint are summarized as follows: On 21 August 1971 plaintiff sold to defendants a 1971 Plymouth automobile, the unpaid balance of said sale being evidenced by a note and purchase money security agreement. The agreement provided for 36 monthly installments in the amount of $104.64 each beginning on 1 October 1971. Defendants having defaulted in payments, plaintiff repossessed the automobile and on 29 May 1972 after due advertisement offered the vehicle for sale. The automobile was sold at a public sale to the highest bidder for $1,730.00, leaving a balance on the purchase price of $829.10 for which sum plaintiff made demand upon defendants and they refused to pay. Plaintiff prays judgment against defendants for $829.10 with interest, attorney fees and costs.

The allegations of defendants' answer are summarized as follows: Defendants admit the purchase of the automobile and the execution of the security agreement but deny defaulting in payments, deny the legal sale of the automobile and that the car was sold to the highest bidder for the sum of $1,730.00, and deny that there is a balance of $829.10 due on the security agreement. In their further answer to the complaint, defendants allege as a second defense and counterclaim that some time during the month of March or first of April 1972, with the payments required under the security agreement being fully paid, plaintiff took possession of the automobile to make repairs and the vehicle remained in plaintiff's shop for over a month before plaintiff began making the repairs. Defendants told plaintiff that they would not make further payments while plaintiff retained possession of the automobile. Plaintiff then sold the automobile for an inadequate price and the sale amounted to a conversion of the car to plaintiff's use. On the date of the conversion, the automobile was worth the sum of $2,600.00 for which amount defendants pray judgment against plaintiff and request that plaintiff's cause of action be dismissed.

At trial, evidence favorable to plaintiff tended to show: Plaintiff sold the automobile to defendants on 21 August 1971. The unpaid balance was financed through Wachovia Bank and Trust Company (Bank), and payments were to be made by defendants to the Bank; but if a default occurred, plaintiff was obligated to pay all unpaid payments. Defendants became past due in payments, and the Bank repossessed the car and subsequently sold it at public auction on 29 May 1972. Plaintiff attended the sale and was the only bidder, buying the car for $1,730.00. At the time of repossession, the amount owed the Bank was $2,338.28. Plaintiff paid the deficiency owed to the Bank. At the time of repossession, the automobile had been wrecked and was in plaintiff's body shop for repairs. The car was in plaintiff's body shop from 4 March 1972 until 10 May 1972 because defendants' insurance company failed to arrange for the repair work to be done. The car was sold in a wrecked condition.

Defendants' evidence tended to show: Defendants purchased the automobile from plaintiff. The car was involved in a collision, and at defendants' request, plaintiff's wrecker towed the car to plaintiff's body shop for repairs. The car remained in the body shop for three months, and defendants refused to make further payments until plaintiff began the repair work. Defendants reported the collision to their insurance company, but the company made payment for the damage incurred to the car to a representative of the Bank.

At the close of all the evidence, upon plaintiff's motion the court directed a verdict in favor of plaintiff and dismissed defendants' counterclaim. Defendants appealed.

*Wallace, Langley, Barwick & Llewellyn by James D. Llewellyn for plaintiff appellee.*

*Turner and Harrison by Fred W. Harrison for defendant appellants.*

BRITT, Judge.

Defendants' only assignment of error relates to whether the trial court erred in granting plaintiff's motion for a directed verdict at the close of all the evidence. The assignment is well taken.

In *Cutts v. Casey*, 278 N.C. 390, 417-418, 180 S.E. 2d 297, 311-312 (1971), Justice Sharp in discussing whether under G.S.

Motor Co. v. Daniels

1A-1, Rule 50, the trial judge can direct a verdict in favor of the party having the burden of proof, said:

> "As a consequence of our constitutional and statutory provisions this Court has consistently held that the judge cannot direct a verdict upon any controverted issue in favor of the party having the burden of proof 'even though the evidence is uncontradicted.' (Citations.) Justice Rodman stated the rule succinctly in *Chisholm v. Hall*, 255 N.C. 374, 376-77, 121 S.E. 2d 726, 728: 'When all the evidence offered suffices, if true, to establish the controverted fact, the court may give a peremptory instruction—that is, if the jury find the facts to be as all the evidence tends to show, it will answer the inquiry in an indicated manner. *Defendant's denial of an alleged fact raises an issue as to its existence even though he offers no evidence tending to contradict that offered by plaintiff.* (Emphasis ours.)
>
> 'A peremptory instruction does not deprive the jury of its right to reject the evidence because of lack of faith in its credibility. Such an instruction differs from a directed verdict as that term is used by us. A verdict may never be directed when the facts are in dispute. *The judge may direct a verdict only when the issue submitted* presents a question of law based on admitted facts.' (Italics ours; citations omitted.)"

In the instant case defendants denied material allegations of plaintiff. They denied the alleged default, denied that plaintiff repossessed the automobile under rights contained in the security agreement, denied due advertisement of the sale in compliance with state law, denied sale of the automobile to the highest bidder and denied that a balance was owing under the agreement. Having denied these alleged facts, defendants raised an issue as to their existence. The facts being in dispute the case became one for jury determination and the court erred in directing a verdict in plaintiff's favor.

The trial court properly dismissed defendants' counterclaim but the judgment in favor of plaintiff on its claim is

Reversed.

Judges CAMPBELL and MORRIS concur.